NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERLIN MARILIN GABARRETE-
LOPEZ; GENESIS NICOLLE
VALLECILLO-GABARRETE; MARILIN
FERNANDA VALLECILLO-
GABARRETE,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3723

Agency Nos.
A209-427-066
A209-427-067
A209-427-068

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Erlin Marilin Gabarrete-Lopez and her two minor children, natives and

citizens of Honduras, petition for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(BIA) dismissal of their challenge to an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's factual findings for substantial evidence and questions of law de novo. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). Questions of law include whether a particular social group is cognizable. *Id.* Factual findings include determinations about a persecutor's motives. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021).

Gabarrete-Lopez forfeits any challenge to the BIA's determination that the harm she suffered arose from her husband's substance abuse instead of from membership in a protected group because she never mentions, much less "specifically and distinctly" agues, the issue in her opening brief. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (citation omitted). Therefore, regardless of whether she belongs to a cognizable social group, she cannot challenge the BIA's determination that she failed to satisfy the nexus requirement. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Likewise, Gabarrete-Lopez does not contest the BIA's determination that she previously waived any CAT claim. *Hernandez*, 47 F.4th at 916.

Even if Gabarrete-Lopez preserved the nexus issue, she would not prevail.

Substantial evidence supports the BIA's determination that drugs and alcohol motivated her husband's violence because Gabarrete-Lopez testified that "[her husband] never gave [her] a reason [for his abuse], specifically, but I . . . suppose it's because he was high or drunk."  When asked if "it's your belief that the reason you were subject to violence . . . was because of [your husband's] drug and alcohol use," Gabarrete-Lopez did not disagree.  Therefore, the BIA properly determined that Gabarrete-Lopez's suffering arose from her husband's substance abuse and not from her membership in any social group.  Without the required nexus, Gabarrete-Lopez does not qualify for asylum or withholding of removal.  *See Barajas-Romero*, 846 F.3d at 358.

**PETITION DENIED.**